**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **Noblewood IP LLC,** | Case No. 3:22-cv-1421 |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **The McClatchy Company, LLC,** | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Noblewood IP LLC ("Plaintiff"), through its attorneys, complains of The McClatchy Company, LLC ("Defendant"), and alleges the following:

**PARTIES**

1.      Plaintiff Noblewood IP LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 3333 Preston Road STE 300 #1067, Frisco, TX 75034.

2.      Defendant The McClatchy Company, LLC is a corporation organized and existing under the laws of Delaware that maintains its headquarters at 1601 Alhambra Blvd Ste 100 Sacramento, CA 95816. Defendant can be served through its registered agent CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

**JURISDICTION**

3.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

1

4.      This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

### VENUE

6.      Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant is has committed acts of patent infringement in this District, and has a regular and established place of business in this District.

### PATENT-IN-SUIT

7.      Plaintiff is the assignee of all right, title and interest in United States Patent No. 7,941,553 (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

### THE '533 PATENT

8.      The '533 Patent is entitled "Method and device for streaming a media file over a distributed information system," and issued May 10, 2011. The application leading to the '533 Patent was filed on July 22, 2003. A true and correct copy of the '533 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9.      The '533 Patent is valid and enforceable.

### COUNT 1: INFRINGEMENT OF THE '533 PATENT

2

10.    Plaintiff incorporates the above paragraphs herein by reference.

11.    **Direct Infringement**. Defendant has directly infringed one or more claims of the '533 Patent in at least this District by having made, used, offered to sell, sold and/or imported, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '533 Patent also identified in the charts incorporated into this Count below (the "Exemplary '533 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '533 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12.    Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '533 Patent Claims, by having its employees internally test and use these Exemplary Products.

13.    Exhibit 2 includes charts comparing the Exemplary '533 Patent Claims to the Exemplary Defendant Products.  As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '533 Patent.  Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '533 Patent Claims.

14.    Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

15.    Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

**JURY DEMAND**

3

16.    Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.    A judgment that the '533 Patent is valid and enforceable

B.    A judgment that Defendant has infringed directly one or more claims of the '533 Patent;

C.    An accounting of all damages not presented at trial;

D.    A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '533 Patent.

E.    And, if necessary, to adequately compensate Plaintiff for Defendants infringement, an accounting:

    i.    that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

    ii.    that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

    iii.    that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: June 30, 2022                    Respectfully submitted,


                                        */s/ Papool S. Chaudhari*
                                        Papool S. Chaudhari
                                        PRA Law
                                        State Bar No. 24076978
                                        2800 Bartons Bluff Lane #1902
                                        Austin, TX 78746
                                        (214) 702-1150
                                        papool@pralawllc.com

                                        Together with:

                                        CHONG LAW FIRM PA
                                        Jimmy Chong (#4839)
                                        (*pro hac vice* forthcoming)
                                        2961 Centerville Road, Suite 350
                                        Wilmington, DE 19808
                                        Telephone: (302) 999-9480
                                        Facsimile: (302) 800-1999
                                        Email: chong@chonglawfirm.com


                                        **Counsel for Plaintiff**
                                        **Noblewood IP LLC**

5