## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **NOBLEWOOD IP, LLC,** | **Case No. 3:22-cv-01421-M** |
| **Plaintiff,** | **PATENT CASE** |
| **v.** | **JURY TRIAL DEMANDED** |
| **THE MCCLATCHY COMPANY, LLC,** | |
| **Defendant.** | |

### DEFENDANT THE MCCLATCHY COMPANY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant The McClatchy Company, LLC ("McClatchy") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Noblewood IP, LLC's Complaint for Patent Infringement. McClatchy generally denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

### PARTIES

1.      McClatchy is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2.      McClatchy admits that it is a limited liability company existing under the laws of the State of Delaware, that it maintains its headquarters at 1601 Alhambra Boulevard, Suite 100, Sacramento, California 95816, and that it can be served through its registered agent CT Corporation System. McClatchy denies the remaining allegations of Paragraph 2 of the Complaint.

---

[1] For avoidance of doubt, McClatchy denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

1

## JURISDICTION

3.     McClatchy admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 271, *et seq.*

4.     McClatchy admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     McClatchy does not contest that the Court has personal jurisdiction over it in this case. McClatchy denies it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the remaining allegations of Paragraph 5 of the Complaint.

## VENUE

6.      McClatchy admits that venue is proper in this case, but denies that it is convenient. McClatchy denies it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the remaining allegations of Paragraph 6 of the Complaint.

## PATENT-IN-SUIT

7.      McClatchy lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7, and therefore denies them.

## THE '533 PATENT

8.     McClatchy admits that a purported copy of the '533 Patent is attached to the Complaint as Exhibit 1, that the face of the patent indicates that it is entitled "Method and device for streaming a media file over a distributed information system," and that the face of the patent indicates that it is issued on May 10, 2011. McClatchy denies the '553 Patent is valid and enforceable. McClatchy is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8, and therefore denies them.

9.     McClatchy denies the allegations in Paragraph 9 of the Complaint.

## COUNT I: [ALLEGED] INFRINGEMENT OF THE '553 PATENT

10.     McClatchy incorporates the above paragraphs herein by reference.

11.     McClatchy denies the allegations in Paragraph 11 of the Complaint.

2

12.     McClatchy denies the allegations in Paragraph 12 of the Complaint.

13.     McClatchy denies the allegations in Paragraph 13 and Exhibit 2 of the Complaint.

14.     McClatchy denies the allegations in Paragraph 14 and Exhibit 2 of the Complaint.

15.     McClatchy denies the allegations in Paragraph 15 of the Complaint.

## [PLAINTIFF'S] JURY DEMAND

16.     McClatchy is not required to respond to Plaintiff's jury demand.

## [PLAINTIFF'S] PRAYER FOR RELIEF

McClatchy denies the Plaintiff is entitled to any relief from McClatchy and denies all the allegations contained in Paragraphs (A)-(E) (including any subparts) of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

McClatchy's Affirmative Defenses are listed below. McClatchy reserves the right to amend its answer to add additional Affirmative Defenses consistent with facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

McClatchy has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '553 Patent.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '553 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the '553 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that McClatchy's actions allegedly infringe the '553 Patent,

3

McClatchy is not liable to Plaintiff for the acts alleged to have been performed before McClatchy received actual notice that it was allegedly infringing the '553 Patent.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that McClatchy indirectly infringes, either by contributory infringement or inducement of infringement, McClatchy is not liable to Plaintiff for the acts alleged to have been performed before McClatchy knew that its actions would cause indirect infringement.

### FIFTH AFFIRMATIVE DEFENSE

The claims of the '553 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by McClatchy.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the '553 Patent does not claim patent eligible subject matter under 35 U.S.C. § 101.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed or process practiced by McClatchy uses single sign-on session management, including "receiving, at a first server, a list of authorized users from a global repository, other servers also receiving the list of authorized users from the global repository, the first server and the other servers each having protected resources," "establishing a session credential at the first server using the list of authorized users, the other servers also capable of establishing session credentials," "sending the session credential from the first server to a client," "receiving a protected resource request from the client

4

at the first server, the protected resource request including the session credential established by the first server," "responsive to receiving the session credential at the first server from the client, validating the session credential entirely within the first server, and upon validation of the session credential, granting the client access to a first protected resource at the first server," "sending the session credential from the client to one of the other servers," "receiving the session credential at the one of the other servers," and/or "allowing the client access to a second protected resource at the one of the other servers based on the session credential that was established by the first server" as required by Claim 1 of the '553 Patent.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the asserted patent, from asserting any interpretation of any valid, enforceable claims of the '553 Patent that would be broad enough to cover any accused product alleged to infringe the asserted patent, either literally or by application of the doctrine of equivalents.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and 287. Plaintiff is further barred under 35 U.S.C. § 288 from recovering costs associated with its action.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering its reasonable attorney's fees, costs, and or increased damages under 35 U.S.C. §§ 284 or 285.

### TWELFTH AFFIRMATIVE DEFENSE

Should McClatchy be found to infringe any valid, enforceable claim of the '553 Patent, such infringement was not willful.

## MCCLATCHY'S COUNTERCLAIMS

For its counterclaims against Plaintiff Noblewood IP, LLC ("Noblewood"), Counterclaim Plaintiff The McClatchy Company LLC alleges as follows:

## PARTIES

1. Counterclaim Plaintiff The McClatchy Company LLC's current principal place of business is 1601 Alhambra Boulevard, Suite 100, Sacramento, California 95816.

2. Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Plaintiff, Counterclaim Defendant Noblewood IP, LLC is a Texas limited liability company with its principal place of business at 3333 Preston Road STE 300 #1067, Frisco, TX 75034.

## JURISDICTION

3. McClatchy incorporates by reference Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Noblewood has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based on Noblewood's allegations above and filing of this action, venue is proper for purposes of these counterclaims in this District under 28 U.S.C. §§ 1391.

## COUNT I

## DECLARATION REGARDING NON-INFRINGEMENT OF THE '553 PATENT

7. McClatchy incorporates by reference Paragraphs 1–6 above.

8. Based on Noblewood's filing of this action and at least McClatchy's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether McClatchy infringes U.S. Patent No. 7,941,553 (the "'553 Patent").

9. McClatchy does not infringe at least Claim 1 of the '553 Patent because, *inter alia*, the accused system does not use single sign-on session management, including "receiving, at

a first server, a list of authorized users from a global repository, other servers also receiving the list of authorized users from the global repository, the first server and the other servers each having protected resources, "establishing a session credential at the first server using the list of authorized users, the other servers also capable of establishing session credentials," "sending the session credential from the first server to a client," "receiving a protected resource request from the client at the first server, the protected resource request including the session credential established by the first server," "responsive to receiving the session credential at the first server from the client, validating the session credential entirely within the first server, and upon validation of the session credential, granting the client access to a first protected resource at the first server," "sending the session credential from the client to one of the other servers," "receiving the session credential at the one of the other servers," and/or "allowing the client access to a second protected resource at the one of the other servers based on the session credential that was established by the first server." as required by Claim 1 of the '553 Patent.

10.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, McClatchy requests a declaration by the Court that McClatchy has not infringed and does not infringe any claim of the '553 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## COUNT II

## DECLARATION REGARDING INVALIDITY

11.    McClatchy incorporates by reference Paragraphs 1–10 above.

12.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, McClatchy requests a declaration by the Court that the claims of the '553 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, McClatchy asks this Court to enter judgment in McClatchy's favor and against Noblewood by granting the following relief:

a) a declaration that the '553 Patent is invalid;

b) a declaration that McClatchy does not infringe, under any theory, any valid claim of the '553 Patent that may be enforceable;

c) a declaration that Noblewood take nothing by its Complaint;

d) judgment against Noblewood and in favor of McClatchy;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to McClatchy of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

## JURY DEMAND

McClatchy hereby demands trial by jury on all issues.

Dated: August 2, 2022

Respectfully submitted,

**FISH & RICHARDSON P.C.**

By: */s/ Lance E. Wyatt*
Neil J. McNabnay
Texas Bar No. 24002583
mcnabnay@fr.com
Ricardo J. Bonilla
Texas Bar No. 24082704
rbonilla@fr.com
Lance E. Wyatt
Texas Bar No. 24093397
wyatt@fr.com
Nan Lan
Texas Bar No. 24121711
lan@fr.com

1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

**COUNSEL FOR DEFENDANT
THE MCCLATCHY COMPANY
LLC**

9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 2, 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ *Lance E. Wyatt*
Lance E. Wyatt

10